DANIEL M. AND JENNIFER L. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket Nos. 31336-84, 41790-85
United States Tax Court
T.C. Memo 1993-203; 1993 Tax Ct. Memo LEXIS 204; 65 T.C.M. (CCH) 2606; May 12, 1993, Filed *204 Decisions will be entered under Rule 155. For petitioners: Gary R. DeFrang
For respondent: Shirley M. Francis
CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Docket No. 41790-85 - Daniel M. and Jennifer L. Smith Year
Additions to Tax Ended
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
1980
$ 212,310
$ 53,476.50
$ 10,695.30
Docket No. 31336-84 - Daniel M. Smith Year
Additions to Tax Ended
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1981
$ 489,535
$ 122,384
$ 24,477
[1]
1982
220,149
55,037
11,007
[1]
Docket No. 31336-84 - Jennifer L. Smith Year
Additions to Tax Ended
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1981
$ 1,255
$ 314
$ 63
[1]
1982
156
--
47
[1]
*205 By motion filed November 22, 1991, respondent seeks imposition of a penalty on petitioners under section 6673. After concessions by the parties, the issues for decision are: (1) Whether petitioners are liable for additions to tax under section 6651(a)(1) for 1980 and 1981, and whether petitioner Daniel M. Smith is liable for an addition to tax under section 6651(a)(1) for 1982. We hold that petitioners are liable for additions to tax under section 6651(a)(1) for 1980 and 1981, and that petitioner Daniel M. Smith is liable for an addition to tax under section 6651(a)(1) for 1982. (2) Whether petitioners are liable for an addition to tax under section 6653(a) for 1980 and for additions to tax under section 6653(a)(1) and (2) for 1981 and 1982. We hold that they are. (3) Whether petitioners are liable for a penalty under section 6673(a) for instituting and maintaining a proceeding in this Court primarily for delay. We hold that they are not. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. FINDINGS OF FACT We incorporate by reference *206 the stipulation of facts and attached exhibits. Petitioners resided in Newberg, Oregon, at the time of the filing of their petitions. References to petitioner in the singular are to petitioner Daniel M. Smith. Petitioner graduated from Portland State University in 1972 with a degree in history. From 1972 until 1985, petitioner worked as a stockbroker. Petitioner was employed with the brokerage firm of Black & Company, Inc., of Portland, Oregon, during the years at issue. Petitioner was a very successful stockbroker, especially during 1981 and 1982, when he managed upwards of $ 100 million worth of securities for his numerous clients. Petitioner felt a strong, personal obligation to his clients and regarded them as a top priority. As a stockbroker, petitioner worked long hours analyzing investment opportunities for clients as well as delivering securities to clients and picking up checks from them. As a result, petitioner was unable to enjoy much recreation time or to spend much time with his family. Petitioner was compensated on a commission basis by his employer during the years at issue, receiving Forms W-2 which reported substantial commission income for those years. *207 In addition to his activities as a stockbroker, petitioner bought and sold various securities on behalf of himself and his wife. Petitioners' personal investment transactions frequently involved multiple purchases and sales of individual stocks in arbitrage transactions and otherwise. Those transactions necessitated continuous recordkeeping. Often, petitioner purchased convertible debt securities that would be converted into equity requiring additional recordkeeping. Petitioner, however, maintained meticulous records of his many securities transactions. Petitioners also invested money in other activities and businesses during the years at issue. Petitioner was responsible for filing petitioners' tax returns for the years at issue. To this end, petitioner retained an accountant to prepare the appropriate forms. An accountant also had prepared their Federal income tax returns for several years prior to the years at issue. Petitioners' records regarding their income during the several years prior to and during the years at issue were so voluminous that petitioner hired a former employee of his brokerage office to help compile the records necessary to comply with an audit by *208 respondent of some of petitioners' prior tax years. Petitioners failed to file timely Federal income tax returns for 1980, 1981, and 1982. Petitioner did not believe that the failure to file timely Federal income tax returns was important because he was under the impression that petitioners did not owe Federal income taxes for the years at issue. Petitioners applied for and received 6-month extensions to file their income tax returns for 1980, 1981, and 1982. Petitioners' 1980 Federal income tax return was filed October 14, 1982. Petitioners' 1981 and 1982 Federal income tax returns were filed on February 4, 1987, more than 2 years after the notices of deficiency were issued in these cases. The returns reflected the following amounts: Regular
Alternative Minimum
Year
Income Tax
Tax
1980
--
$  1,596
1981
--
--
1982
$ 143,512
25,830
Petitioners' accountant never told petitioners that they did not have to file timely Federal income tax returns for the years at issue. OPINION Respondent determined that petitioners are liable for additions to tax under section 6651(a)(1) for 1980 and 1981 and that petitioner is liable for an addition to tax under the same section *209 for 1982. Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file timely returns required to be filed (including income tax returns), unless the taxpayer can establish that such failure "is due to reasonable cause and not due to willful neglect". The addition to tax is 5 percent of the amount required to be shown on the return for each month beyond the return's due date, not exceeding 25 percent. Sec. 6651(a)(1). Petitioners bear the burden of proving that the failure was due to reasonable cause and not due to willful neglect. , affd. in part . The Supreme Court has held that Congress' purpose in enacting section 6651(a)(1) "was to ensure timely filing of tax returns to the end that tax liability will be ascertained and paid promptly", , and to that end, "Congress intended to place upon the taxpayer an obligation to ascertain the statutory deadline and then to meet that deadline, except in a very narrow range of situations." . *210 Petitioners do not dispute that their 1980, 1981, and 1982 Federal income tax returns were not filed timely and were in each case filed more than 5 months after the due date for the returns as extended. Rather, petitioners claim that the late filings were due to reasonable cause and not to willful neglect. Petitioners point to three circumstantial factors existing during the return filing periods for the years at issue "which collectively resulted in the failure to file timely tax returns." The factors petitioners cite were the "all-consuming demands" of petitioner's job as a stockbroker, the ongoing audits by respondent of some of petitioners' prior tax years, and the complexity of petitioners' personal investment transactions. Petitioners also assert that the failure to file timely returns in this case is "not part of an established life pattern." The fact that petitioner's position as a stockbroker was time consuming is undisputed; the fact that complying with respondent's ongoing audit was time consuming is also undisputed; and the fact that petitioners' personal investment transactions were complex and generated substantial recordkeeping requirements is undisputed. However, *211 petitioners cite no authority, and we are unable to find any authority, supporting petitioners' argument that these factors, or factors such as these, alone or in combination, vitiate the requirement to file timely Federal income tax returns. Petitioners do not claim any specific reasonable cause for which relief from the section 6651(a)(1) addition to tax has been recognized by the courts. For example, there is no indication that petitioners followed erroneous advice from their accountant or that necessary return information was unavailable to petitioners. Petitioners' investment transactions records were evidently in their possession at all times and apparently only required compilation. While this may have been a time-consuming task, there is no evidence that it was prohibitively so or that it was beyond petitioners' power or control to ensure its completion. We cannot countenance a failure to file timely income tax returns solely because petitioners' lives were busy, their income-generating activities complex, and some of their time consumed by a tax audit regarding prior tax years. Without more, a taxpayer's time-pressured lifestyle and activities do not constitute "reasonable *212 cause" within the meaning of section 6651(a)(1). We hold that petitioners are liable for the additions to tax under section 6651(a)(1) as determined by respondent. Respondent also determined that petitioners are liable for additions to tax for underpayments of taxes due to negligence or intentional disregard of the rules or regulations under section 6653(a) for 1980, and section 6653(a)(1) and (2) for 1981 and 1982. In settling their dispute regarding the underlying deficiencies for the years at issue in these cases, the parties agreed that deficiencies existed in each year. Therefore, there are underpayments of taxes within the meaning of section 6653(c) for each year at issue. Negligence under section 6653(a) is a "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." (quoting . As with the additions to tax under section 6651(a)(1), petitioners bear the burden of proof regarding the additions to tax under section 6653. . *213 Petitioners make two arguments regarding this addition to tax: (1) They assert that the facts alleged concerning their failure to file timely income tax returns establish that they acted reasonably and prudently under the circumstances; and (2) that in any event, they are not liable for the additions to tax under section 6653 with respect to underpayments attributable to petitioners' investment in ACG Motion Picture Fund 79-I (ACG) by virtue of the closing agreement reached between them and respondent. Petitioners' first argument fails. Petitioners make no substantive arguments regarding the underlying deficiencies and fail to explain why it was reasonable for them to assume they had no tax liabilities for 1980 and 1981. Petitioners do not claim that they relied on erroneous advice of their accountant in the preparation of, or in the positions taken on, their Federal income tax returns for the years at issue. Petitioners simply state that the same factors that prevented them from filing timely Federal income tax returns establish that they were not negligent regarding the underlying deficiencies. As discussed above, the facts relating to petitioners' hectic lifestyle and the *214 time-consuming events during the filing periods for the years at issue are undisputed. However, such facts are insufficient to carry petitioners' burden of proof that they were not negligent. As we stated in , affd. , regarding the additions to tax for negligence under section 6653(a): "Taxpayers have a statutory duty to timely file their income tax returns, sec. 6072(a), and the breach of this duty is sufficient evidence of negligence." . We have held that petitioners' failure to file timely Federal income tax returns in these cases was not due to reasonable cause. Similarly, we cannot conclude, in the circumstances of these cases, that petitioners acted reasonably and prudently in underreporting taxable income that resulted in the underlying income tax deficiencies. Petitioners' argument regarding the closing agreement also fails. The closing agreement between petitioners and respondent states that No penalties will be assessed under Sections 6621(c), 6653(a), 6653(a)(1), 6653(a)(2), 6659, and 6661 *215 for taxable years ending December 31, 1979 through December 31, 1985 only by reason of taxpayers' adjustments to the investment in ACG 79-I. [Emphasis added.]
Thus, while the closing agreement precludes application of the addition to tax for negligence under section 6653(a)(2) to the underlying deficiencies for the years at issue attributable to the ACG investment by reason of petitioners' adjustments thereto, it does not preclude imposition of that addition to tax on other independent grounds. In these cases, another independent ground supporting the imposition of the addition to tax for negligence under section 6653(a), in fact, exists. As stated above, petitioners' failure to file timely Federal income tax returns establishes a prima facie case of negligence, see , and that presumption has not been rebutted by petitioners. We hold that petitioners have failed to carry their burden of proving that they are not liable for the additions to tax under section 6653(a) for 1980, and section 6653(a)(1) and (2) for 1981 and 1982, and, therefore, we hold that they are liable for those additions as determined by *216 respondent. Petitioners also ask us to hold that sections 6651 and 6653 are mutually exclusive and that both cannot be applied to the same deficiency. However, it is well settled that the contrary is true under pre-1990 law. See , affd. ; . Petitioners ask us to reconsider our position in this regard. We decline to do so. In support of their request, petitioners point to Congress' enactment of the Improved Penalty Administration and Compliance Tax Act effective for returns due after December 31, 1989. However, we find nothing in that Act or its legislative history indicating that there was any error in the well-established rule allowing simultaneous application of both the additions to tax under prior law. We hold that respondent's determination of petitioners' liabilities under sections 6651(a)(1), 6653(a), and 6653(a)(1) and (2) was proper. Finally, we consider respondent's motion for imposition of a penalty under section 6673. Respondent claims *217 that petitioners' positions in these cases were frivolous and without merit. We disagree. It is apparent that there was substantial give-and-take in reaching settlement regarding the underlying deficiencies. Moreover, while we have sustained respondent's determinations with respect to the additions to tax in these cases, we do not believe that petitioners' arguments were of a wholly frivolous nature. Under the circumstances of these cases, we decline to impose a penalty under section 6673. Decisions will be entered under Rule 155. Footnotes
1. Amount to be determined.↩
1. Amount to be determined.↩